**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond, | CR-03-974-PHX-DGC |
| Plaintiff, | CV-08-77-PHX-DGC (CRP) |
| vs. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

On May 11, 2005, Defendant was convicted by a jury of theft of government property and social security fraud. Dkt. #114. Defendant was sentenced to 18-months' imprisonment. Dkt. ##196-97. On March 31, 2006, the Court granted Defendant's motion for release from custody and to stay sentence pending appeal. Dkt. #203. Following receipt of the Court of Appeals' mandate affirming Defendant's conviction and sentence, the Court ordered Defendant to surrender to begin serving his prison sentence on January 17, 2008. Dkt. #256.

On January 7, 2008, Defendant filed a motion seeking a stay of his sentence and incarceration pending resolution of a petition for writ of habeas corpus. Dkt. #259. The Court denied the motion as premature and because Defendant had received due process on all issues raised in this Court, the Ninth Circuit, and in his petition for writ of certiorari. Dkt. #267.

On January 15, 2008, Plaintiff filed a petition for writ of habeas corpus, which the Court will construe as a motion to vacate, set aside, or correct sentence under 28 U.S.C. §

2255. Plaintiff asserts that he was denied effective assistance of counsel at trial and on appeal and that this Court and the Court of Appeals made numerous errors of fact and law. Plaintiff also filed an emergency motion to stay his sentence pending resolution of the § 2255 motion. Dkt. #268. As explained below, the Court will deny the motion to stay.

Plaintiff seeks a stay based on the factors set forth in the Bail Reform Act of 1984, which governs the release or detention of a defendant pending sentence or appeal. *See* 18 U.S.C. § 3143. Plaintiff contends that a stay is appropriate because he is not likely to flee or pose a danger to the community if he remains free, and his § 2255 motion is not for the purpose of delay and raises substantial questions of law and fact likely to result in an order for a new trial. Dkt. #268 at 14-15. But Plaintiff is collaterally attacking his sentence. "The Bail Reform Act does not apply to federal prisoners seeking post-conviction relief." *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1995); *see Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (same).

While district judges have inherent power to stay a sentence pending resolution of a § 2255 motion, that power is to be exercised "very sparingly." *Cherek*, 767 F.2d at 337. Stays are reserved for "'extraordinary cases involving special circumstances or a high probability of success.'" *Mett*, 41 F.3d at 1282 (quoting *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)). "The reasons for parsimonious exercise of the power [are] obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly," and "the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted." *Cherek*, 767 F.2d at 337.

In this case, Plaintiff has not met the stringent standard for the grant of a stay. The fact that Plaintiff may not be a flight risk or pose a danger to the public "is not an extraordinary circumstance warranting a stay." *Edgington v. United States*, 759 F. Supp. 1239, 1241 (E.D. Tex. 1991). Even if the Court were to assume that Plaintiff's § 2255 motion presents a substantial question, Plaintiff has not demonstrated a high probability of success. *See Mett*, 41 F.3d at 1282; *Osborg v. Heidelbach*, No. CIV S-06-2190 FC KJM P,

2007 WL 987871, at *1 (E.D. Cal. Mar. 30, 2007) (denying motion to stay sentence where the court could not conclude that the petitioner had a high probability of success on the merits).

Plaintiff asserts that he will complete a substantial portion of his sentence while his § 2255 motion is pending and that this constitutes an "exceptional reason" to grant a stay. Dkt. #268 at 16. "[V]ery few cases present exceptional circumstances, and those that do are typically limited to situations involving the impending completion of short sentences or grave illness." *Meskel v. United States*, No. CRIM.A. 04-053 (RMU), 2005 WL 1903375, at *2 (D.D.C. July 13, 2005); *see Mett*, 41 F.3d at 1282 n.4. Plaintiff does not claim to have a serious illness, and his 18-month sentence "comfortably exceeds the length of sentences that courts have generally deemed to constitute an exceptional circumstance." *Meskel*, 2005 WL 1903375, at *4 (citations omitted); *see Osborg*, 2007 WL 987871, at *2 (denying motion to stay filed by misdemeanor defendant who was "certain have served his sentence before the merits of his case [would] be resolved").

In summary, Plaintiff has not shown that this case is one of the rare, extraordinary cases warranting a stay of sentence. The Court accordingly will deny Plaintiff's motion.

**IT IS ORDERED** that Plaintiff's emergency motion to order stay of his sentence pending resolution of his petition for writ of habeas corpus filed under 28 U.S.C. § 2255 (Dkt. #268) is **denied**.

DATED this 17th day of January, 2008.

_____
David G. Campbell
United States District Judge

cc:  Defense counsel
     AUSA
     USM
     Neil Rusty Bond, 4132 East Alan Lane, Phoenix, AZ 85028

- 3 -