**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neil Rusty Bond, | CR-03-974-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

Defendant Neil Rusty Bond asks this Court to enter an order precluding the Social Security Administration ("SSA") from withholding more than 15% of his SSA benefits in an effort to recoup prior overpayments of SSA benefits. Doc. 345. Defendant states that he was told at a local SSA office that a court order was needed for SSA to withhold less of his benefits, but he cites no authority for the power of the Court to do so.

The Social Security Act authorizes the SSA to recoup overpayments in the manner prescribed by regulation. 42 U.S.C. § 404(a)(1). Regulations promulgated pursuant to this statute provide that the SSA may withhold monthly social security benefits as an off-set in order to recoup a previous overpayment of benefits. 20 C.F.R. § 404.502(a).

This is a criminal case, and the Court has ordered restitution of $30,929.16 for SSA overpayments. The U.S. Attorney's Office, which is responsible for collecting restitution, has stated that it will take approximately 15% of Defendant's SSA benefits to satisfy this obligation. Doc. 347 at 2.

1  Restitution in this criminal case, however, is different from the statutory power of the
2 SSA to make adjustments in SSA payments in order to recoup prior overpayments. The SSA
3 is not a party to this case, and the Court has no jurisdiction over the SSA's handling of
4 Defendant's benefits. The Court therefore lacks power in this case to grant the relief
5 requested in Defendant's motion. *See U.S. v. Young*, 2012 WL 4023773 at \*3 (W.D. Ky.,
6 2012) ("the Court lacks jurisdiction to prevent the SSA from recouping Young's entire
7 monthly benefit"); *U.S. v. Theede*, 2010 WL 653422 at \*1 (D. Ariz., 2010) ("it is not clear
8 that this Court has jurisdiction over the Social Security Administration's off-set program.
9 Defendant is before this Court in a criminal case, not in a civil action to constrain collection
10 efforts by the Social Security Administration.").

11  **IT IS ORDERED** that Defendant's motion (Doc. 345) is **denied**.

12  DATED this 17th day of August, 2015.

_____
David G. Campbell
United States District Judge

- 2 -